Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

## Middle District of Florida

### Tampa Division

|  |  |
|---|---|
| DeVaughn Edwards | Case No. 8:19-cv- 3162-T-23AAS |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint.* | |
| *If the names of all the plaintiffs cannot fit in the space above,* | Jury Trial: *(check one)* ☒ Yes ☐ No |
| *please write "see attached" in the space and attach an additional* | |
| *page with the full list of names.)* | |
| -v- | |
| Xcelience, LLC d.b.a. Lonza Pharma and Biotech | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the* | |
| *names of all the defendants cannot fit in the space above, please* | |
| *write "see attached" in the space and attach an additional page* | |
| *with the full list of names.)* | |

2019 DEC 26 PM 1:56
CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

FILED

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.     **The Parties to This Complaint**

A.     **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | DeVaughn Edwards |
| Street Address | 5514 Garden Arbor Drive |
| City and County | Lutz, Hillsborough |
| State and Zip Code | FL 33558 |
| Telephone Number | 732-895-7831 |
| E-mail Address | devaughn@gmail.com |

TPA 059437   $400

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**B.** **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Michael Marini |
| Job or Title *(if known)* | Sr. Director Global Quality |
| Street Address | 535 N. Emerald Road |
| City and County | Greenwood |
| State and Zip Code | SC 29646 |
| Telephone Number | (864) 223-2270 |
| E-mail Address *(if known)* | michael.marini@lonza.com |

Defendant No. 2

| | |
|---|---|
| Name | Kate Sumsion |
| Job or Title *(if known)* | Manager, Human Resources |
| Street Address | 4910 Savarese Circle |
| City and County | Tampa, Hillsborough |
| State and Zip Code | FL 33634 |
| Telephone Number | (813) 775-7153 |
| E-mail Address *(if known)* | kate.sumsion@lonza.com |

Defendant No. 3

| | |
|---|---|
| Name | Robert Beland |
| Job or Title *(if known)* | Managing Director |
| Street Address | 4910 Savarese Circle |
| City and County | Tampa, Hillsborough |
| State and Zip Code | FL 33634 |
| Telephone Number | (813) 286-0404 |
| E-mail Address *(if known)* | robert.beland@lonza.com |

Defendant No. 4

| | |
|---|---|
| Name | Anthony Macci |
| Job or Title *(if known)* | Sr. VP Global Operations |
| Street Address | 412 Mt. Kemble Ave. |
| City and County | Morristown, Morris |
| State and Zip Code | NJ 07960 |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

| Telephone Number | (201) 316-0200 |
| E-mail Address *(if known)* | anthony.macci@lonza.com |

## C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| Name | Xcelience, LLC d.b.a. Lonza Pharma and Biotech |
| Street Address | 4910 Savarese Circle |
| City and County | Tampa, Hillsborough |
| State and Zip Code | FL |
| Telephone Number | 33634 |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒    Other federal law *(specify the federal law)*:

Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 2000e-3(a), Retaliation for Charge of Discrimination; Section 704(a) of Title VII

☐    Relevant state law *(specify, if known)*:

☐    Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐   Failure to hire me.

☒   Termination of my employment.

☐   Failure to promote me.

☐   Failure to accommodate my disability.

☐   Unequal terms and conditions of my employment.

☒   Retaliation.

☐   Other acts *(specify)*:

   *(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s)

October 4, 2019

C.   I believe that defendant(s) *(check one)*:

☒   is/are still committing these acts against me.

☐   is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☒   race               African American

☐   color

☐   gender/sex

☐   religion

☐   national origin

☒   age *(year of birth)*       1964       *(only when asserting a claim of age discrimination.)*

☐   disability or perceived disability *(specify disability)*

E.   The facts of my case are as follows.  Attach additional pages if needed.

In July 2017, Plaintiff, an African American male age 55, was hired as Head of the Quality department without informing Plaintiff that the company was under criminal investigation for quality deficiencies and had a history of racial discrimination charges. Plaintiff was the first and only African American in an executive role at the company.  Plaintiff led remediation of the company's Quality departments which, subsequently, dramatically improved the status of the company into acceptable regulatory compliance and thereby removed the company from criminal investigation and significantly increased profit. After the improvement in the company was apparent, Plaintiff was subjected to disparate and blatantly racist treatment including loud and hostile tones during meetings (with Defendants Macci, Marini and Beland), conversations about the KKK and slavery. Although exceeding the performance of Plaintiff's peers, Plaintiff was placed on a Performance Improvement Plan (PIP) as an additional hostile act intended to, as stated by the Defendants Marini, "push you out." Plaintiff was subjected to hostile and disparate treatment by the Defendants including being required to approach a White lower level co-worker, Jacqueline Hargis/Project Management Sr. Manager, who deliberately excluded Plaintiff from a meeting, and plead inclusion in future meetings. This requirement was by direction documented in the PIP and authored and signed by Defendants.

Plaintiff was not allowed to attend meetings by conference call where attending by phone was an option. This requirement, which had never previously been mentioned, was directed only toward Plaintiff although the topic of the meeting was not directly related to Plaintiff's duties. Further, Defendants required Plaintiff to attend meetings that were not relevant to his responsibilities, not identified as mandatory, nor exhibited any reasonable expectation of a need for Plaintiff's attendance. Attendance was not required by any other peer nor identified as a requirement to Plaintiff before the initiation of the hostile and disparate treatment.

Plaintiff was approached on several occasions by his manager stating that he had received "anonymous" feedback with slanderous statements including accusations that Plaintiff was not able to recall team members or the name of the Managing Director (a Defendant), implying age-related cognitive impairment. Defendant, Michael Marini, refused to identify the source(s) of his erratic accusations. Defendant subsequently directed Plaintiff to hold "get-to-know" meetings with staff members implying that the unsubstantiated and slanderous statements from the anonymous source were true. This disparate treatment was not executed against any other personnel. Defendant Marini executed these actions even after stating to the Plaintiff that it appeared that the Defendants were "trying to push you out."

Defendants Michael Marini and Kate Sumsion further subjected Plaintiff to extraordinary bizarre accusations that Plaintiff was allowing his direct reports to be absent from work for s month without approval even though both Defendants interacted with the personnel during the alleged timeframe. These allegations were blatantly false and were easily disproven through documentation. No other manager has experienced similar exorbitantly unsound accusations.

Plaintiff received a performance review from Defendant Marini that stated Plaintiff had not met site goals of reducing quality deficiencies. The Defendants used the same metric for all site executives, calculated in the same manner and the metrics applied without any possibility of variability between any two persons. The Plaintiff was the only person identified as having met the metric.

Defendant Robert Beland exhibited excessive outbursts and made obvious racists comments intended to harass Plaintiff including exclaiming while in the company of site executives that a celebrity's objection to an earlier version of the American flag was "the stupidest thing I've ever heard! Slavery was a fact of history!" Defendant further contributed to false and detrimental statements that were incorporated into Plaintiff's performance review.

As a resu'⸍ of continuing harassment by Defendants, Plaintiff suffered ⸗notional distress and sought therapy. On the advice of physicians, leave per the Family Medical Leave Act (FMLA) was requested and denied by Defendants.  A Third Party acting on behalf and with the awareness of the Defendants delayed response until Plaintiff was forced to return to work. Upon returning, Defendants denied FMLA leave citing Plaintiff had returned to work and therefore was not under duress and did not qualify for paid leave.

Plaintiff filed an EEOC complaint against the Defendant in August 2019 alleging and identifying discriminatory practices and as summarized in this complaint statement.  As of this filing, Defendants have not provided a response to EEOC.  In blatantly obvious But-For Causation to the submission of the EEOC complaint, Defendants executed termination in retaliation for the EEOC complaint.  Defendants

demanded the dismissal of the EEOC investigation verbally as well as in termination documents. All Defendants were aware and participants in the discriminatory acts including racist discussions, executing the disparate performance improvement plan and termination. All Defendants were aware of the history of discrimination complaints at the site by other employees, current and past and are complicit. All Defendants participated in the execution of the performance improvement plan and termination as directed by Defendant Anthony Macci. Defendants Michael Marini and Kate Sumsion authored the performance improvement plan and termination with input from Robert Beland. Xcelience/Lonza Pharma and Biotech, in addition to the specifically identified Defendants, was complicit and knowingly allowed/approved discrimination, failed to act to address the EEOC complaint and approved the termination upon receipt of the EEOC complaint in retaliation against Plaintiff.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.      It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

        August 23, 2019

B.      The Equal Employment Opportunity Commission *(check one)*:

        ☒       has not issued a Notice of Right to Sue letter.

        ☐       issued a Notice of Right to Sue letter, which I received on *(date)*

                *(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.      Only litigants alleging age discrimination must answer this question.

        Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

        ☒       60 days or more have elapsed.

        ☐       less than 60 days have elapsed.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Actual Damages of $1,662,080 and Punitive damages of $3,324,160 for total of $4,986,240 which includes:

Lost Pay
$1,040,000 equivalent to five years salary.  Plaintiff's base salary was $208,000 per year.

$52,000 lost 401(k) based on 5% matching base salary per year for five years

Lost Benefits
$70,080 for health insurance for five years at $14,016 per year

Emotional Distress
$500,000 for egregious and obvious acts of discrimination and retaliation of charging of discrimination causing mental anguish and emotional stress.

Punitive Damages
$3,324,160 equaling two times the Actual damage

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.       For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        12/26/2019

Signature of Plaintiff

Printed Name of Plaintiff     DeVaughn Edwards

### B.       For Attorneys

Date of signing:        N/A

Signature of Attorney        N/A

Printed Name of Attorney     N/A

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

| | |
|---|---|
| Bar Number | N/A |
| Name of Law Firm | N/A |
| Street Address | N/A |
| State and Zip Code | N/A |
| Telephone Number | N/A |
| E-mail Address | N/A |